# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Francisville Neighborhood Development Corporation | : | |
| | : | |
| | : | |
| v. | : | No. 29 C.D. 2017 |
| | : | Argued: October 19, 2017 |
| Estate of Margaret Omether Moore | : | |
| | : | |
| | : | |
| Appeal of: Brenda Ogboro, Administratrix for the Estate of Margaret Omether Moore and Charles E. Moore | : | |
| | : | |
| | : | |
| | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION**
**BY JUDGE SIMPSON**                                **FILED: November 28, 2017**


In this appeal involving the Abandoned and Blighted Property Conservatorship Act (Act),[1]  Brenda Ogboro, Administratrix of the Estate of Margaret Omether Moore (Estate), challenges an order of the Court of Common Pleas of Philadelphia County[2] (trial court), that directs the Estate to pay a conservator's fee of 20% of the price obtained for the sale of a blighted property owned by the Estate, to the Francisville Neighborhood Development Corporation (FNDC).  The Estate contends the trial court erred in determining that FNDC is entitled to a conservator's fee and attorney fees and costs, where the trial court did

---

[1] Act of November 26, 2008, P.L. 1672, as amended, 68 P.S. §§1101-1111.

[2] The Honorable Idee C. Fox presided.

not appoint FNDC as conservator of the subject property prior to the property's sale. Upon review, we affirm.

## I. Background

The trial court noted the following facts and procedural history. The subject property is located at 1513 Cambridge Street in the City of Philadelphia (City), and was originally owned by Charles E. Moore and his wife, Margaret Omether Moore. Charles Moore died in 1980 and his wife became sole owner of the subject property by operation of law. Margaret Moore died in October 1997, leaving her daughter, Brenda Ogboro (Daughter), as her only heir. Thereafter, Daughter was appointed Administratrix of the Estate. Daughter resided at 1515 Cambridge Street, which is next to the subject property.

In October 2015, FNDC, a neighborhood civic organization which maintains and rehabilitates properties in the Francisville neighborhood in the City, filed a petition for appointment of a conservator under the Act. FNDC also filed a *lis pendens* against the subject property, which appeared rundown. In its petition, FNDC claimed the statutory requirements of the Act were met, thereby warranting the appointment of a conservator of the subject property under Section 5 of the Act, 68 P.S. §1105. To that end, FNDC alleged the subject property had not been occupied for more than 12 months prior to the filing of the petition; the property has not been actively marketed for 60 days prior to the filing of the petition; the property was not subject to an existing mortgage foreclosure action; and, the property was not acquired by the Estate within the six months preceding the filing of the petition.

2

FNDC further averred in its petition that at least three of the nine factors in Section 5(d)(5) of the Act, 68 P.S. §1105(d)(5) (conditions of conservatorship) were met. In particular, FNDC averred: the building on the subject property was structurally unsound and unsanitary due to inadequate exterior maintenance so as to pose a threat to the public health, safety or welfare; the building showed several blighting factors including failing structural systems, boarded windows, a crumbling front stoop, a tree or weed branch growing and extending from the building and through the roof; the property was subject to unauthorized entry and the owners have not secured the premises; the property has been infested with vermin; the conditions and vacancy of the property materially increased the risk of fire because no one was occupying the building or squatters may cause a fire; and, the dilapidated appearance and condition of the property negatively affected the economic well-being of the neighborhood. See Appellee's Pet. at ¶¶19-26; Reproduced Record (R.R.) at 52-53.

In addition, FNDC attached three notices of Property Maintenance Code violations from the City's Department of Licenses and Inspections (L&I). Appellee's Pet., Ex. C; R.R. at 76-80. The violation notices stated that the vacant, unsecured building lacked one or more windows and one or more doors. FNDC's petition sought to appoint Iron Stone Strategic Capital Partners, LLC (Iron Stone) and Bastogne Venture Partners (Bastogne) as Co-Conservators. Appellee's Pet. At 12-13; R.R. at 53-54.

Noting FNDC's petition set forth allegations that would warrant relief under the Act, the trial court scheduled a hearing date in December 2015. Prior to the scheduled hearing, now continued to February 2016, the Estate filed an answer

3

and memorandum in opposition to FNDC's petition. The Estate's answer did admit that the building was unoccupied for the previous 12 months and that the property had not been listed for sale. However, the Estate claimed the property was under an agreement of sale with a third party. The agreement of sale, executed after FNDC filed its petition, was dated February 15, 2016. The purchase price for the subject property was $145,000.00 with a scheduled closing date of February 18, 2016.

At a February 2016 hearing, the parties agreed to allow the sale to proceed subject to the following conditions agreed to by the parties and entered as an order by the trial court:

1. The Lis Pendens filed by [FNDC] shall be lifted.

2. The Property shall be allowed to be sold free and clear from any lien under this Conservatorship Act filing by [FNDC].

3. The title company shall hold in escrow $36,000 pending a ruling by this Court on [FNDC's] request for cost[s] in preparing and filing of the Petition including a developer/conservator's fee as defined by the Act.

4. The [Estate] has elected not to contest [FNDC's] assertion that the premises is blighted under the Act and to apply to this Court for Conditional Relief pursuant to Section [5(f)] of the Act;

5. The [Estate] has presented an agreement of sale for the premises with Global Realty Group (hereinafter 'buyer') executed February 5, 2016, after the [above-captioned] Petition was filed. The agreement is attached hereto as Exhibit A;

6. The [Estate] and the buyer's real estate agent have assured the Court that it intends to rehabilitate the property forthwith;

4

7. The [Estate] and buyer desire to close on the agreement of sale on February 18, 2016;

8. The premises may be conveyed free and clear of the above-captioned proceeding upon the filing of $36,000 by the buyer's title company and the lis pendens will be released. The title company shall not distribute the escrow without further Order of this Court or agreement of [FNDC] and [the Estate].

9. <u>A hearing is scheduled … to determine [FNDC's] requests for fees, costs and the conservator/developer fee. Counsel may submit discreet memorandum on the issue</u> ….

Tr. Ct. Order, 2/17/16 (emphasis added).

In May 2016, following the sale of the subject property, the trial court held a hearing on the issues of fees and costs. On September 2, 2016, the trial court filed an opinion and order granting FNDC's requested relief in part and ordered the Estate to pay FNDC attorney fees and costs in the amount of $1,398.23 and to pay FNDC a conservator's/developer's fee in the amount of $29,000, for a total amount of $30,398.23. Tr. Ct. Order, 9/2/16.

In its opinion, the trial court rejected the Estate's argument that FNDC is not entitled to the 20% conservator's fee because FNDC was never appointed as conservator. Contrary to the Estate's claim, the trial court observed, nowhere does the Act state that a conservator must be appointed before the property owner is required to reimburse the petitioner for fees, costs and the conservator/developer fee under Section 5(f)(4) of the Act, which provides:

(4) Upon a finding that:

5

(i) the petition states conditions for conservatorship; or
(ii) the owner elects to either:
(A) remedy all violations and nuisance or emergency conditions; or
(B) sell the property subject to the conservatorship,

the owner shall reimburse the petitioner for all costs incurred by the petitioner in preparing and filing the petition in accordance with the requirements of section 4 and the conservator's or developer's fee.

68 P.S. §1105(f)(4) (emphasis added).

The trial court reasoned that the Estate, by not contesting the petition's allegations that the property was blighted as defined by the Act, and by electing to sell the property, was required under Section 5(f)(4)(ii)(B) to reimburse FNDC for the conservator's fee. See Tr. Ct., Slip Op., 9/2/16, at 8; R.R. at 37. Pursuant to Section 3 of the Act, 68 P.S. §1103, the correct amount for the conservator's fee is 20% of the $145,000 sales price, or $29,000. Tr. Ct., Slip Op., 9/2/16, at 8-9; R.R. at 37-38.

Further, the trial court noted it agreed with the Estate's position that the $29,000 fee is a windfall to FNDC. Tr. Ct., Slip Op., at 9; R.R. at 38. That being said, the trial court recognized the Act was amended in 2014 to add the definition of "conservator's or developer's fee." Id. The trial court also reasoned that the legislative history to the amendment further supported the conclusion that reimbursement of the conservator's fee was due in this case. Id. To that end, the court cited an April 29, 2013, memorandum from Co-Sponsor Representative John

6

Taylor to the PA House of Representatives notifying them of his intention to introduce a bill amending the Act. The memorandum stated:

> One of our key findings is that the private sector developers like the concept of the law and understand its purpose, but they also express fear about the risks they are taking once they petition the court and obtain conservatorships.
>
> For example, we have had situations where a developer has filed a petition only to have the absentee owner decide he wants to sell the property after years of allowing it to sit unused and in disrepair and after causing the market values of neighboring properties to plummet ….
>
> By encouraging the payment of costs and developer's fees … my bill encourages developers, nonprofit-entities and real estate professionals to initiate conservatorships on properties that meet the strict requirements set forth in the [A]ct.

Tr. Ct., Slip Op., at 9, R.R. at 38.

The trial court found the memorandum shows that the General Assembly's intent in amending the Act was to mitigate the risk to those filing petitions. The court noted the fact pattern in the memorandum was almost identical to the fact pattern here. The Estate allowed the subject property to sit unused and in disrepair after Margaret Moore's death, despite the fact that Daughter/Administratrix lived next door and walked by the property every day. Only after FNDC filed the petition, and on the eve of the conservatorship hearing, did Daughter take action by entering into the agreement of sale for the property. Therefore, although the trial court found the 20% conservator's fee excessive, the court recognized it was

7

obligated to follow the Act's clear statutory language.  See Tr. Ct., Slip Op., at 10; R.R. at 39.

The trial court also awarded FNDC $1,398.23 under Section 1105(f)(4)(ii)(B) for costs incurred in preparing and filing the petition. Consequently, the trial court directed the Estate to pay a total of $30,398.23 to FNDC under Section 5(f)(4)(ii)(B) of the Act.  The Estate appeals.[3]

## II. Discussion

## 1. Argument

The Estate contends the trial court erred in determining that FNDC is entitled to a conservator's fee of 20% of the sale price and, attorney fees and costs, where the trial court did not appoint FNDC as conservator of the subject property prior to the property's sale.  The Estate argues FNDC is not entitled to a conservator's fee, attorney fees and costs under Section 1105(f)(4)(ii)(B) of the Act because it was not appointed as conservator prior to the subject property's sale.  To that end, the Estate asserts it entered into an agreement of sale with Global Realty Group (Buyer), and that the trial court lifted FNDC's *lis pendens* prior to the closing of the sale.  Therefore, the Estate argues, FNDC takes advantage of the sale proceeds without having been appointed conservator.

---

[3] In matters of statutory interpretation, the appellate standard of review is de novo and the appellate scope of review is plenary.  Allstate Life Ins. Co. v. Commonwealth, 52 A.3d 1077 (Pa. 2012).

8

The Estate also maintains the plain language of the Act requires that FNDC be appointed conservator as a condition precedent to being entitled to a conservatorship's fee and costs. As support, the Estate first cites Section 2 of the Act (Legislative findings and purpose). Section 2(6) provides:

> (6) If the owner of a residential, commercial or industrial building fails to maintain the property in accordance with applicable municipal codes or standards of public welfare or safety, it is in the best interest of the Commonwealth, the municipality and the community for the court, pursuant to the provisions of this act, <u>to appoint a conservator to make the necessary improvements before the building deteriorates further and necessitates demolition, resulting in the removal of the building from the housing supply or prohibiting future economic use</u>.

68 P.S. §1102(6) (emphasis added).

The Estate further asserts that the entire Act springs from the condition precedent of a court's appointment of a conservator. Sections 4 and 5 of the Act set forth the procedure for the appointment of a conservator. In particular, Section 5(e)(1) provides:

> (1) If the court determines after hearing that the property has met the conditions of subsection (d), the court may appoint a conservator, certify the schedule of encumbrances and grant such other relief as may be just and appropriate. …

68 P.S. §1105(e)(1).

Further, and most relevant to our inquiry because it is the most specific provision at issue, Section 5(f), entitled "Conditional relief," provides:

9

(1) If the court finds after a hearing that the conditions for conservatorship in subsection (d) have been established, but the owner represents that the condition, violations, or nuisance emergency conditions will be abated in a reasonable period, the court may allow the owner to proceed to remedy the conditions.

(2) If the conditions set forth in paragraph (1) have been satisfied, the court shall enter an order providing that, in the event that the violations or nuisance or emergency conditions are not abated by the owner by a specific date or that the other specified remedial activities have not occurred by a specific date or dates, an order granting the relief requested in the petition shall be entered.

(3) The court shall also require the owner to post a bond in the amount of the repair costs estimated in the petition as a condition to retaining possession of the building.

(4) Upon a finding that:
 (i) the petition states conditions for conservatorship; or
 (ii) the owner elects to either:
  (A) remedy all violations and nuisance or emergency conditions; or
   (B) sell the property subject to the conservatorship,

the owner shall reimburse the petitioner for all costs incurred by the petitioner in preparing and filing the petition in accordance with the requirements of section 4 and the conservator's or developer's fee.

68 P.S. §1105(f)(1)-(4) (emphasis added).  We will address this provision below.


The Estate asserts, the subject property was not sold "subject to the conservatorship" as required by Section 5(f)(4)(B).   In short, because

10

conservatorship is a condition precedent to conservatorship fees and costs, the Estate argues FNDC is not entitled to either a conservator's fee or costs.

Alternatively, the Estate asserts that if FNDC is entitled to fees and costs, they are not entitled to fees and costs defined in Section 3's definition of "conservator's or developer's fee," which describes the fee:

> A fee equal to the greatest of the following:
>
> (1) an amount equal to $2,500, adjusted upward by 2% each year;
> (2) a 20% markup of the costs and expenses for construction, stabilization, rehabilitation, maintenance and operation or demolition as described in the proposed conservator's plan and any subsequent plan approved by the court; or
> (3) twenty percent of the sale price of the property.

68 P.S. §1103 (emphasis added). As such, the Estate requests that this Court reverse the trial court's award of fees and costs to FNDC.

In response, FNDC asserts the Estate did not contest that the subject property was blighted and abandoned within the meaning of Section 5(d) of the Act. Rather, the Estate agreed that the property met the requirements for the appointment of a conservator. In addition, the Estate sought Conditional Relief under Section 5(f) of the Act by electing to sell the property to Buyer, who agreed to rehabilitate it.

FNDC asserts there is no language in the Act permitting an owner to forego payment of a conservator's fee by electing conditional relief under Section

11

5(f) of the Act. FNDC argues that the plain language in Section 5(f)(4) indicates that: (i) if the petition states conditions of conservatorship (the property is deemed blighted); and (ii)(B) the owner elects to sell the property, the stated fees shall be owed.

FNDC further asserts the trial court correctly interpreted the Legislature's intent to mitigate the risk to developers of filing conservatorship actions by providing for the award of a conservator's fee where, as here, the owner decides to sell the property once a petition for appointment of a conservator has been filed. Absent a conservator's fee, there would be little incentive for parties in interest to bring conservatorship actions.

In addition, FNDC asserts, a conservator's fee is necessary to make the petitioner whole for costs not covered by the limited reimbursement for preparing and filing the petition. Consequently, every petitioner in every proceeding under the Act must always rely on the conservator's fee to make them whole. Such is also the case here. FNDC did not obtain an unmerited windfall. Rather, it took the necessary action to rehabilitate a blighted property that the Estate allowed to sit vacant and in disrepair, lowering the value of neighborhood property. The primary objective in a conservatorship action is the remediation of the blighted property. To that end, it makes no difference who performs the remedial work.

## 2. Analysis

We recognize that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.

12

C.S. §1921(a). "Every statute, shall be construed to give effect to all of its provisions." Id. (emphasis added). In ascertaining legislative intent, it is presumed that the General Assembly did not intend a result that is absurd or unreasonable. 1 Pa. C.S. §1922(1). Further it is presumed that the General Assembly intends that the entire statute be effective and certain. 1 Pa. C.S. §1922(2).

Under the clear language of Section 5(f) of the Act, quoted above and entitled "Conditional relief," there are two alternate findings which would require a trial court to award fees and costs to a petitioner, like FNDC here: 1) a finding that "the petition states conditions for conservatorship;" or 2) the owner makes certain elections, including to "sell the property subject to the conservatorship." 68 P.S. §1105(f)(4).

As to the first alternate finding upon which an award of statutory fees and costs could be predicated, the trial court stated: "Although [FNDC] filed a detailed Petition it had not yet proven entitlement to relief under the Act nor whether [FNDC] qualified for appointment as conservator." Tr. Ct., Slip Op., at 9; R.R. at 38. Accordingly, the trial court did not make a finding supporting the award of statutory fees and costs under the first alternate finding approach of the Conditional Relief provision. Instead, the trial court focused on the second alternate finding approach.

Here, the trial court determined that the Act does not require that a conservator be appointed before an award of statutory fees and costs under the second alternate finding approach. Rather, the trial court reasoned, "a plain reading

13

of the Act demands that [the Estate] reimburse [FNDC] for fees, costs and conservator/developer fee under the circumstances." Tr. Ct., Slip Op., at 8; R.R. at 37. We agree.

Pursuant to Paragraph 4 of the parties' agreement, adopted by Order of February 17, 2016: "The [Estate] has elected not to contest [FNDC's] assertion that the premises is blighted under the Act and to apply to this Court for Conditional Relief pursuant to Section [5(f)] of the Act." See Tr. Ct., Slip Op., at 4; R.R. at 33 (emphasis added). As stated above, that is the provision that authorizes awards of statutory fees and costs to a petitioner, such as FNDC. Thus, the proceeding before the trial court on May 12, 2016 was pursuant to the Estate's application for Conditional Relief under the Act.

Whether or not the conservatorship proceedings progressed to the point of the actual appointment of a specific conservator, we discern no error of law in the trial court's determination that statutory fees and costs under the Act should be awarded when the Estate elected to proceed under the Conditional Relief provision of the Act. Stated differently, by applying for Conditional Relief under the Act, the provision authorizing award of fees and costs, the Estate's election to sell the property can be viewed as satisfying the second alternate finding approach.

Under this reading of the statutory language, the phrase "sell the property subject to the conservatorship" in Section 5(f)(4) identifies the property in question rather than the stage of the conservatorship proceedings when the sale occurs. As there is here no doubt that the property in question was sold during the

14

conservatorship proceedings, and that the Estate elected to do so pursuant to the Conditional Relief provisions of the Act which authorize an award of fees and costs, an award of statutory fees and costs is supportable.

Further, we reject the Estate's argument that a conservatorship fee should not be paid to FNDC because it was not appointed the conservator. Section 1105 (f) of the Act expressly requires the conservatorship fee to be paid to the petitioner, here FNDC, if the trial court makes a finding satisfying one of the alternate statutory bases for award of fees and costs. The trial court made such a finding here.

For these reasons, we affirm the order of the trial court awarding a statutory conservator's fee and costs to FNDC under the second alternate finding approach.

### III. Conclusion

Discerning no error or abuse of discretion in the trial court's determination that FNDC was entitled to a conservator's or developer's fee of 20% of the sale of the subject property, fees and costs, we affirm.

ROBERT SIMPSON, Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francisville Neighborhood : 
Development Corporation : 
                 : 
         v. :   No. 29 C.D. 2017
                 : 
Estate of Margaret Omether : 
Moore : 
                 : 
Appeal of: Brenda Ogboro, : 
Administratrix for the Estate of : 
Margaret Omether Moore : 
and Charles E. Moore : 

# **O R D E R**

**AND NOW**, this 28th day of November, 2017, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Philadelphia County is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge